T.C. Summary Opinion 2005-130


UNITED STATES TAX COURT


CHUE Y. HER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8683-03S.                Filed August 29, 2005.


Chue Y. Her, pro se.

Thomas M. Newman, for respondent.


    COUVILLION, Special Trial Judge:  This case was heard
pursuant to section 7463 of the Internal Revenue Code in effect
at the time the petition was filed.[1]  The decision to be entered
is not reviewable by any other court, and this opinion should not
be cited as authority.

_____

    [1]Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for the
year in issue.  All Rule references are to the Tax Court Rules of
Practice and Procedure.

Respondent determined a deficiency of $5,183 in petitioner's Federal income tax for the year 2001.

The issues for decision are whether petitioner is entitled to: (1) Head-of-household filing status under section 2(b); (2) dependency exemption deductions for three children under section 152; (3) an earned income credit under section 32(a); (4) a child and dependent care credit under section 21(a)(1); and (5) a child tax credit under section 24.

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. At the time the petition was filed, petitioner resided in Fresno, California.

Petitioner was employed as a medical assistant during the year 2001. She filed her return for 2001 as a head of household. She reported gross income of $18,331 and claimed dependency exemptions for three children, an earned income credit of $2,904, a child care credit of $13, and a child tax credit of $833.

Respondent issued a notice of deficiency determining that petitioner was not entitled to head-of-household filing status, the claimed dependency exemption deductions, the earned income credit, the child care credit, and the child tax credit because she failed to substantiate her entitlement to them.

Deductions are a matter of legislative grace, and taxpayers must maintain adequate records to substantiate the amounts of any

deductions or credits claimed.  Sec. 6001; <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), Income Tax Regs.  Taxpayers generally bear the burden of proving that the Commissioner's determination was incorrect.  Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111 (1933).[2]

Section 1(b) imposes a special tax rate on individuals whose filing status is head of household.  Section 2(b) defines "head of household", in relevant part, as an individual taxpayer who (1) is not married at the close of the taxable year, and (2) maintains as her home a household that constitutes for more than one-half of the taxable year the principal place of abode of a son or daughter of the taxpayer.  Sec. 2(b)(1)(A)(i).  A taxpayer maintains a household if the taxpayer pays more than one-half of the total cost to maintain the household, including such items as property taxes, mortgage interest, utility charges, and food.  Sec. 1.2-2(d), Income Tax Regs.

Petitioner failed to establish adequately that she maintained a household during 2001.  She provided some documentation, including a phone bill and rental agreement, but she did not demonstrate her contribution to total household expenses.  Thus, regardless of petitioner's marital status,

---

[2]Under some circumstances, the burden of proof shifts to respondent under sec. 7491.  That burden does not shift to respondent in this case because petitioner failed to maintain records and comply with the requirements of substantiation as required by sec. 7491(a)(2).

discussed <u>infra</u>, petitioner failed to establish her entitlement to head-of-household filing status under section 1.2-2(d), Income Tax Regs.

Section 151(c) allows dependency exemption deductions for each dependent as defined in section 152(a). Section 152(a) defines a dependent as an individual over half of whose support was received from the taxpayer. Eligible individuals who may be claimed as dependents include a son or daughter of the taxpayer. In determining whether an individual received over half of his support from the taxpayer, "there shall be taken into account the amount of support which the individual received from all sources, including support which the individual himself supplied." Sec. 1.152-1(a)(2)(i), Income Tax Regs. Petitioner must demonstrate through competent evidence the total amount of support from all sources available during the year in issue. <u>Blanco v. Commissioner</u>, 56 T.C. 512, 514-515 (1971). If petitioner fails to provide this information, this Court cannot conclude that the taxpayer claiming the exemption provided more than one-half of the support of the claimed dependent.

Petitioner testified that Yia Her, the father of her six children, moved out of her residence in December 2000; that the three children she claimed as dependents lived with her during 2001; and that the other three children lived with their father, Mr. Her. Petitioner also testified that she had never been

married to Mr. Her.  Based on the available evidence, it is not unreasonable for the Court to conclude that Mr. Her, as their father, provided some support during 2001 for the children who were living with petitioner.  Since petitioner failed to demonstrate the total support provided by Mr. Her and herself, the Court cannot determine whether her contributions constituted more than half of the total support provided to the children during 2001.  The Court, therefore, holds that petitioner is not entitled to the dependency exemption deductions for 2001.

The Court also agrees with respondent that petitioner is not entitled to the earned income credit.  Section 32(a) provides for an earned income credit in the case of an eligible individual. Section 32(c)(1)(A), in relevant part, defines an "eligible individual" as an individual who has a qualifying child for the taxable year.  A qualifying child is one who satisfies a relationship test, a residency test, an age test, and an identification requirement.  Sec. 32(c)(3).  In order to satisfy the residency test, the qualifying child must have the same principal place of abode as the taxpayer for more than one-half of the taxable year in which the credit is claimed.  Sec. 32(c)(3)(A)(ii).  Section 32(d) provides, however, that a married individual, within the meaning of section 7703, may claim the earned income credit only if a joint return is filed for the taxable year at issue.

Although petitioner testified that she has never been married to Mr. Her, she filed a return as married, filing jointly, with Mr. Her, for the taxable years 1996, 1997, and 2000. Mr. Her received his Form W-2 statements and unemployment benefits at petitioner's residence in 2001. A 2003 property transfer record recites that petitioner was a "married woman". The evidence leads the Court to conclude that petitioner was married in 2001, despite her testimony to the contrary. Under section 7703(b)(3), a taxpayer who maintains as a home a household that constitutes the principal place of abode for more than one-half of the year of a child for whom the taxpayer is entitled to a deduction under section 151 is deemed to be "not married" if, during the last 6 months of the year at issue, the other spouse did not reside with the taxpayer. As previously discussed, petitioner did not establish that she maintained a household or that she is entitled to the dependency exemptions. Petitioner, therefore, does not satisfy the requirements of section 7703(b). The Court holds that petitioner is not entitled to the earned income credit because she failed to file a joint return with Mr. Her.

Section 21(a) generally provides allowance for a credit against the tax to any individual who maintains a household that includes as a member one or more qualifying individuals. The term "qualifying individual", under section 21(b), includes a

dependent of the taxpayer under age 13, with respect to whom the taxpayer is entitled to a dependency deduction under section 151(c). The allowable credit, under section 21(b)(2), generally is based upon employment-related expenses that are incurred to enable the taxpayer to be gainfully employed, including expenses incurred for the care of a qualifying individual. Petitioner did not establish either that she maintained a household or that she incurred employment-related expenses for the children, and, as the Court holds that she is not entitled to dependency exemption deductions for the three children, it follows that she is not entitled to the section 21 child care credit.

Finally, taxpayers who are allowed a dependency exemption deduction under section 151 may be allowed a child tax credit under section 24. As stated above, the Court sustains respondent's determination that petitioner was not entitled to deduct dependency exemptions for the three children who lived with her. Because petitioner is not entitled to the dependency exemption deductions, she is not entitled to the child tax credit under section 24.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.